IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 12, 2008

## WILLIE L. WATKINS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County
No. C-08-14     Roger A. Page, Judge**

---

**No. W2008-00852-CCA-R3-PC   -   Filed December 8, 2008**

---

The petitioner, Willie L. Watkins, appeals from the Madison County Circuit Court's denial of his petition for post-conviction relief from his guilty-plea convictions of three counts of sale of one-half gram or less of cocaine and resulting eight-year sentence. The petitioner contends that he received the ineffective assistance of counsel and that he did not knowingly and voluntarily enter into the guilty pleas. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Joseph R. Taggart, Jackson, Tennessee, for the appellant, Willie L. Watkins.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The record does not contain transcripts or judgments of the conviction proceedings, aside from a copy of the plea agreement, which was an exhibit at the post-conviction hearing. However, the following information about the procedural history of the conviction case appears in the transcript of the post-conviction hearing. The petitioner entered guilty pleas to three counts of selling one-half gram or less of cocaine on February 7, 2007. The plea agreement specified a sentence of eight years of Community Corrections, with the issues whether the petitioner would serve a period of shock incarceration and whether the petitioner would receive judicial diversion reserved for the trial court. At the sentencing hearing, the trial court ordered six months of shock incarceration and granted the petitioner's request for judicial diversion. The petitioner later escaped from custody. His probation was revoked, and the trial court ordered him to serve his eight-year sentence in the Department of Correction.

Following his incarceration, the petitioner filed this petition for post-conviction relief claiming that he received the ineffective assistance of counsel. He asserted in his petition and amended petition allegations of ineffective assistance of counsel and an unknowing and involuntary guilty plea. The trial court appointed counsel and conducted a hearing on the allegations.

At the post-conviction hearing, the petitioner testified that he retained trial counsel to represent him and that he met with her one time before his plea hearing. He said that two months passed between the time he met with trial counsel in her office and his court appearance.

The petitioner testified that he thought he would only receive eight years of supervised probation under the plea agreement because he had no prior record. He testified that he did not know he would be incarcerated. He asked his attorney about a motion for discovery the same day he pled guilty but never saw the motion. He said he never discussed the State's evidence against him with his attorney.

On cross-examination, the petitioner was questioned whether a motion for continuance was filed because he missed appointments with his trial attorney. He testified that he had asked trial counsel to get a continuance of his case and that the only way she could do that was to say he had missed appointments with her. He said he agreed in order to get the continuance. He acknowledged he was jailed for missing appointments but said he went along with what his attorney said to get his case continued.

The petitioner acknowledged that he remembered reading and signing the plea agreement. He acknowledged that on the bottom of the form was a statement that said that a sentencing hearing to determine whether he would serve any shock incarceration time would be set at a later date. The petitioner said that he did not remember reading the statement and that the only thing he saw on the form was eight years of Community Corrections.

The petitioner was further questioned on cross-examination whether he remembered the judge questioning him at the plea hearing on whether the petitioner understood the plea and if this was what the petitioner wanted to do. The petitioner testified that he told the judge that he understood what he was doing and that it was what he wanted to do. The petitioner said that the judge told him that he would bring him back "to see whether I get any shock treatment" but that this was after he had entered his plea. He acknowledged that trial counsel was able to obtain judicial diversion for him, even though he wanted probation. He said he did not understand that judicial diversion meant he would have his record expunged.

Trial counsel testified that she was retained by the petitioner to represent him for charges involving sale and delivery of cocaine. She testified that she met with the petitioner approximately four times in her office. She said that she filed a motion for discovery on or about November 13, 2006. She testified that she copied the material she received from the motion for discovery for the petitioner and that he picked up the information. She said she knew he had picked up the information because he was upset that the information did not reveal the identity of the confidential informant. She said that she explained to the petitioner that if he wanted a plea agreement, the district attorney general probably would not reveal the informant's identity unless they went to trial.

She said the petitioner's main concern was getting probation. She testified that she told the petitioner that it was his decision whether he went to trial or agreed to enter the guilty plea.

Trial counsel testified that she went over every item on the plea agreement with the petitioner. She said the handwritten note regarding sentencing was on the form when she reviewed it with the petitioner and when the petitioner signed it. She testified that the judge advised the petitioner at the plea hearing about the rights he was giving up and made sure that the petitioner understood he would be sentenced at a later date.

Trial counsel testified that it was her idea to seek diversion once she looked at the petitioner's prior history. She testified that she explained to the petitioner that she would do her best to get the result he wanted but that she made no guarantees. She said that once she discovered the petitioner was eligible for diversion she tried to get it and did.

On cross-examination, trial counsel testified that she filed a motion for a continuance in the petitioner's case because he had missed appointments with her. She said that she filed the motion because she had received the presentence report but that the petitioner missed his appointments and she had not been able to review the report with him. She testified that no appeal was filed in the petitioner's case. She said that she thought the petitioner was satisfied with the result reached.

The trial court found that based on the record, the credibility of the witnesses, and the evidence presented, the petitioner had not met the burden of proof required to establish his claims and denied relief. The petitioner filed this appeal.

The petitioner argues on appeal that trial counsel failed to provide the effective assistance of counsel and that as a result, his pleas were not knowingly and voluntarily entered. The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. T.C.A. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. When a petitioner pleads guilty, he must show a reasonable probability that, but for the errors of his counsel, he would not have pled guilty. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); Adkins v. State, 911 S.W.2d 334, 349 (Tenn. Crim. App. 1994).

The petitioner contends that he received the ineffective assistance of counsel because his attorney did not effectively explain the guilty plea, that he did not understand the guilty plea included the possibility of a period of incarceration, and that the plea agreement is ambiguous. The State argues that trial counsel and the trial court reviewed the guilty plea form with the petitioner, showing that the guilty plea could include a period of incarceration and that the petitioner knowingly and voluntarily entered into the guilty plea.

At the post-conviction hearing, trial counsel testified that she went over every item on the guilty plea form. The form includes a statement, "Sentencing hearing as to 'shock' incarceration amount, if any, and the issue of jud. diversion." Counsel and the petitioner both testified that the trial court questioned the petitioner about the guilty plea and whether the petitioner understood what he was entering into and if that was what the petitioner wanted. The petitioner testified that when the trial court asked him whether his attorney had reviewed the guilty plea with him and whether he had read the document, he testified in the affirmative to both questions. The petitioner further testified that the trial court told him he would have a future hearing on the issue of "shock treatment."

In its order denying relief, the trial court accredited the testimony of trial counsel over that of the petitioner and held that the petitioner had failed to establish his claims by clear and convincing evidence. Upon review, we conclude that the evidence does not preponderate against the trial court's determination that the petitioner failed to establish that counsel's performance was ineffective and that the petitioner's guilty pleas were unknowing and involuntary as a result.

Based on the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE

-4-